IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-00248 |
| | § | |
| DAKOTA STEPHEN HARRIS (25) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 19, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

Dakota Stephen Harris was sentenced on May 22, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin, a Class B felony. This offense carried a statutory minimum term of 5 years and a maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of II, was 70 to 87 months. Dakota Stephen Harris was subsequently sentenced to 60 months of imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, GED classes, and a $100 special assessment. On January 9, 2017, Dakota Stephen Harris completed his period of imprisonment and began service of the supervision term. On October 7, 2015, this case

was reassigned to the Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas.  On October 25, 2017, the conditions of supervision were modified to include mental health treatment.  On January 29, 2018, the conditions of supervision were modified to include 120 days of home detention with electronic monitoring, and alcohol abstinence.

On June 6, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1453, Sealed].  The Petition asserted that Defendant violated eight (8) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall refrain from any unlawful use of a controlled substance; (5) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (7) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (8) you must refrain from the use of all alcoholic beverages throughout the term of supervised release.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) On January 22, 2018, Mr. Harris was arrested by the Trenton, Texas, Police Department for Possession of a Controlled Substance in PG2 >= 1G < 4G, a level 3 felony, two counts of Possession of a Dangerous Drug, a class A misdemeanor, and Driving While Intoxicated, a class C misdemeanor. Mr. Harris was subsequently released on bond, and the charges remain pending in Fannin County

REPORT AND RECOMMENDATION – Page 2

as of this writing; (4) and (5) On September 5, 2017, Mr. Harris submitted a urine sample, which tested positive for marijuana. He subsequently admitted to using marijuana and signed an admission form stating such. On September 18, 2017, Mr. Harris submitted a urine sample, which tested positive for marijuana. The test results were confirmed by Alere Laboratory. An interpretation report from the laboratory indicated that Mr. Harris used marijuana after the prior positive drug test on September 5, 2017. On January 25, 2018, Mr. Harris submitted a urine sample, which tested positive for benzodiazepines. He subsequently admitted to taking Xanax (a benzodiazepine) and hydrocodone (an opiate) and signed an admission form stating such. On June 1, 2018, Mr. Harris submitted a urine sample, which tested positive for benzodiazepines. He subsequently admitted verbally to using Xanax. The specimen has been submitted for confirmation testing; (6) On July 20, 2017, Mr. Harris contacted the probation officer and reported obtaining employment with Home Depot in Sherman, Texas. On August 10, 2017, an employment check was conducted at the business, and the defendant was not present. Home Depot personnel informed the probation officer that Mr. Harris completed the hiring process on or about July 22; however, he had not been seen in at least a week. Also on August 10, 2017, the probation officer attempted a personal home visit at the last reported address in Bonham, Texas. Upon arrival, maintenance workers informed the probation officer that Mr. Harris was evicted from the home approximately 2 weeks earlier, and his whereabouts were unknown; (7) Mr. Harris failed to notify the U.S. Probation Office within seventy-two hours of being questioned by a Van Alstyne police officer on March 4, 2017. Mr. Harris failed to notify the U.S. Probation Office within seventy-two hours of being questioned by a Bonham police officer on August 1, 2017. Mr. Harris failed to notify the U.S. Probation Office within seventy-two hours of being questioned by a Howe police officer on August 29, 2017; and (8) On February 6, 2018, Mr. Harris submitted a urine sample,

which tested positive for alcohol use.  The test results were confirmed by Redwood Toxicology, and Mr. Harris made a verbal admission.

Prior to the Government putting on its case, Defendant entered a plea of true to all eight (8) of the allegations of the Petition.  Having considered the Petition and the plea of true to all eight (8) of the allegations of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months followed by 48 months of supervised release.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Texarkana, if appropriate.

**SIGNED this 22nd day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE